(No. 22787.—

MANDEL BROTHERS, INC., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HARRY WEISS, Defendant in Error.)

*Opinion filed February 21, 1935.*

SHAW, J., dissenting.

ALTHEIMER, MAYER, WOODS & SMITH, (A. B. MANION, of counsel,) for plaintiff in error.

GREENFIELD & REIFF, (IRVING M. GREENFIELD, of counsel,) for defendant in error.

Mr. JUSTICE HERRICK delivered the opinion of the court:

On March 22, 1933, Harry Weiss, (hereinafter called the employee,) while in the employ of Mandel Brothers, Inc., (hereinafter called the employer,) was injured by a fall from a scaffold on which he was then working as a painter. He sustained a complete dislocation of the left shoulder, a fracture of the upper outer portion of the head of the humerus, including the greater tuberosity, and the portion of the bone adjoining it, both above and below. A part of the greater tuberosity was broken or chipped off. Compensation was paid the employee for a period of approximately 19 weeks. On June 29, 1933, the employee

filed a petition with the Industrial Commission claiming additional temporary total disability and loss of the use of the arm. The cause was heard by the arbitrator. After hearing all the medical evidence submitted by both parties the arbitrator requested an examination of the employee by Dr. Kreuscher, a physician of the Industrial Commission. Dr. Kreuscher made the examination and also sent the employee to Dr. Lewis J. Pollock; who also made an examination of him. The reports of the examinations of the employee made by these two physicians were submitted to the arbitrator, who afterwards entered an award· in favor of the employee for 75 weeks' compensation in addition to the 19 weeks of temporary total disability, on the ground that the injury sustained caused a permanent loss of thirty-three and one-third per cent of the use of the employee's left arm. On review by the Industrial Commission the amount of permanent loss of the use of the arm was determined to be sixty-six and two-thirds per cent, and the employee, in addition to the award for temporary total disability and for necessary first aid, was awarded compensation for 150 weeks, payable at the rate of $13.85 per week. The superior court of Cook county confirmed the award of the Industrial Commission. On leave granted the case comes here for review on writ of error.

The sole issue presented is whether the employee has sustained the permanent loss of the use of his left arm as a proximate result of his injuries and to the extent found by the Industrial Commission. The employer contends that the employee is a malingerer and has suffered no permanent loss of the use of such arm. '

The evidence in the record is quite voluminous and consists in great part of the testimony of physicians as to the present condition of the employee's arm. There is the usual conflict in the evidence in cases of this nature. There is no dispute that immediately prior to the injury the employee was strong, healthy and had the full normal use of

his arms, and that he was left-handed. On the part of the employee there is competent evidence tending to prove that there was a crushing or tearing fracture of the upper outer portion of the head of the humerus, including the greater tuberosity, at the time of the injury to the arm; that the shoulder muscles are wasted; that there is an atrophy of one inch in the upper arm and of seven-eighths of an inch in the forearm, with complete anesthesia over the greater portion of the arm; that there is a coldness or clamminess of the arm, indicating a disturbance in the circulation and that the employee is suffering from a traumatic neurosis. The rotation of the forearm extremely is about forty-five degrees towards the median anterior plane. The extension of the arm is impaired. There is an inability to lift the shoulder actively to more than about thirty degrees from the side except by the manipulation of a physician, when an adjustment of about forty-five degrees may be attained. There is competent evidence tending to prove a direct causal connection between the injury to the employee's arm and shoulder suffered at the time of his fall from the scaffold and the present condition of that arm.

As we view the record the state of the employee's arm is a question of fact. There is a violent and irreconcilable conflict in the evidence as to the condition of the employee's arm at the time of the hearing. There is competent evidence tending to sustain each of the opposing positions of the contending parties. It would serve no useful purpose to set forth here the evidence for the respective parties. It is not the province of this court in reviewing a record in this type of case to sit as a jury nor to weigh conflicting evidence and determine wherein the preponderance lies. The Industrial Commission determines the facts. It is within its sphere to draw reasonable inferences and conclusions from the competent evidence, both direct and circumstantial, properly before it. Where the Industrial Commission has made a finding upon a contested question of

fact, this court, on review, will not disturb such finding unless the court can say that the conclusion reached is contrary to the manifest weight of the evidence. (*Plano Foundry Co.* v. *Industrial Com.* 356 Ill. 186; *Ford Motor Co.* v. *Industrial Com.* 355 id. 490.) We are of the opinion there is competent evidence in the record sufficient to warrant the finding of the Industrial Commission. We would not, therefore, be justified in overruling such finding.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

· Mr. JUSTICE SHAW, dissenting.