(No. 4130- )

ALICE M. GRANZOW, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

BIPPUS, ROSE, BURT AND PIERCE AND RODERICK N. WYCKOFF, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Alice M. Granzow, seeks to recover from respondent under the Workmen's Compensation Act for injuries sustained by her in an accident arising out of and in the course of her employment as a typist, file clerk and relief switchboard operator in the Chicago office of the Auditor of Public Accounts.

No jurisdictional questions are involved.

On November 12, 1947, while engaged in the performance of her duties, claimant slipped and fell on a freshly waxed and highly polished linoleum floor near her desk in office space rented by the Auditor of Public Accounts. Claimant landed on the point of her left elbow, suffering a deep laceration, which bled profusely.

Since the Auditor's office was not organized to handle such injuries to employees, claimant went to her own doctors and paid all medical, drug and hospital bills except as hereinafter noted.

The injury to claimant's left elbow turned out to be much more serious than would usually be expected

from such type of trauma. Claimant experienced continuous and intense pain. The left ulnar nerve became thickened, and finally had to be relocated by a neurological surgeon. Later, a technique known as a sympathetic block was resorted to, but to no avail, and claimant's doctor was of the opinion that the extreme sensitivity of claimant to pain would prevent any further attempt to use the technique above referred to. Coupled with all this were definite indications that a traumatic neurosis was positively affecting claimant's use of her left arm.

Claimant has some limitation of motion, flexion being limited about 25 per cent. However, in substance, claimant's left arm is not usable in her previous occupation except to a limited degree, and from all the evidence we conclude, even though claimant is left handed, that she has sustained a 75 per cent loss of the use of her left arm. *Mandel Bros.* v. *Ind. Com.,* 359 Ill. 405; *Bell & Zoller Mining Co.* v. *Ind. Com.,* 322 Ill. 395; *Bell* v. *State,* No. 4191, opinion filed March 7, 1950.

Claimant makes no serious claim to total permanent disability, and lack of proof of differential in earnings subsequent to her accident removes from our consideration any question of an award for partial permanent disability. *Cogdill* v. *State,* 18 C.C.R. 24; *Franklin County Coal Corp.* v. *Ind. Com.,* 398 Ill. 528.

The record also shows that claimant is entitled to payment for temporary total disability limited to 64 weeks by reason of Section 8 (e) of the Workmen's Compensation Act, since an award for specific loss under said section is being made herein.

On the date of her accident, claimant was 42 years of age, single and had no dependents. Her earnings in

the year prior to her accident amounted to $2,280.00. Her rate of compensation is $19.50 per week.

From the date of her accident until July 1, 1949, when she left the service of respondent, claimant did perform services for respondent at various periods. When she was unable to work, she was paid her full salary of $190.00 per month. Subsequent to July 1, 1949, claimant was temporarily and totally disabled for a period sufficient to entitle her to 64 weeks of total temporary disability, including the periods prior to July 1, 1949, when she was unable to work for respondent.

For the 64 weeks of temporary total disability at $19.50 per week, claimant would be entitled to $1,248.00. However, from November 12, 1947, to July 1, 1949, claimant did not perform any services for respondent on 375 days for which she was paid, as we calculate from the record, the sum of $2,343.33. She was thus overpaid $1,095.33 which will be deducted from the award hereinafter entered.

William J. Cleary & Co., Chicago, Illinois, was employed to take and transcribe the testimony at the three hearings before Commissioner Tearney. Charges in the amount of $142.95 were incurred, which charges are customary and reasonable. An award is entered in favor of William J. Cleary & Co. for $142.95.

An award is entered in favor of claimant, Alice M. Granzow, under Section 8 (a) (e) (13) of the Workmen's Compensation Act for 64 weeks of temporary total disability at $19.50 per week, or the sum of $1,248.00; and a 75 per cent loss of use of her left arm, or 168¾ weeks at $19.50 per week, or the sum of $3,290.62, or a total award of $4,538.62, from which will be deducted the payment above referred to in the amount of $2,343.33, leaving a net award of $2,195.29. In addition, she is en-

titled to an award in the amount of $713.00 for medical, hospital and drug expenses incurred by her to relieve her.from the effects of her accidental injury. One X-Ray bill and two small doctor bills also remain unpaid for which awards are made as hereinafter set forth.

· These awards are payable as follows:

$ 713.00 which is payable to claimant forthwith for medical, hospital and drug expenses.
$2,899.93 less payment above referred to in the amount .of $2,343.33, or the sum of $556.60, which has accrued and is payable forthwith.
$1,638.69 which is payable in weekly installments of $19.50 per week commencing on September 26, 1950, for a period of 84 weeks plus one final payment of $0.69.
$ 7.00 which is payable forthwith to Michigan Boulevard X-Ray Laboratory, 30 North Michigan Boulevard, Chicago, for X-Rays.
$ 25.00 which is payable forthwith to Dr. W. A. Gustafson, 700 North Michigan Boulevard, Chicago, for professional services.
· $ 15.00 which is payable forthwith to Dr. H. B. Thomas, 30 North Michigan Avenue, Chicago, for professional services.

These awards are subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''